UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Gerard Nguedi_

Write the full name of each plaintiff.

_16_ CV _4430_

(Include case number if one has been assigned)

-against-

_Bill Bratton, New York City, Brian_
_Caulfield /Pan Am Equities, Police Officers_
_Christophe Carlucci #3169, Raymond Phillips #10876_
_Peter Strunkos #25214, Police officers John Does #1,2,3,4,5,6_

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

**COMPLAINT**

Do you want a jury trial?
☒ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒   Federal Question

☐   Diversity of Citizenship

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

4th Amendment of the US constitution, the 14th Amendment, The Civil Right Act of 1871, 42 USC 1981, 1983 and 42 USC 1988. The jurisdiction is evoked pursuant 28 USC § § 1331, 1343, 2201, 1391

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____ , is a citizen of the State of
                         (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
　　　　　　　　　(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_Gerard_
First Name　　　　　　Middle Initial　　　Last Name _Nguedi_

_40 Upper Rock Cir #317_
Street Address

_Rockville_　　　　　_MD_　　　　_20850_
County, City　　　　　State　　　　Zip Code

_614 744 7802_　　　_gerard.nguedi@gmail.com_
Telephone Number　　　Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:     CHRISTOPHE  CARLUCCI  #3169
First Name                             Last Name
NY 17th Precinct  Police Officer
Current Job Title (or other identifying information)
167 E. 51st St
Current Work Address (or other address where defendant may be served)
New York                 NY              10022
County, City                          State              Zip Code

Defendant 2:     Raymond  Phillips  #10876
First Name                             Last Name
NY 17th Precinct Police Officer
Current Job Title (or other identifying information)
167 E. 51st St
Current Work Address (or other address where defendant may be served)
New York                 NY              10022
County, City                          State              Zip Code

Defendant 3:     Peter  Scourkos  #25214
First Name                             Last Name
NY 17th Precinct Police Officer
Current Job Title (or other identifying information)
167 E. 51st ct
Current Work Address (or other address where defendant may be served)
New York                 NY              10022
County, City                          State              Zip Code

Defendant 4:    _Bill_____   _Bratton_____
                First Name            Last Name

        _Former NYPD Police Commissioner_____
        Current Job Title (or other identifying information)

        _1 Plaza 1 Police plaza_____
        Current Work Address (or other address where defendant may be served)

        _New York_____   _NY_____   _1007___
        County, City          State      Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _330 E. 39th street, New York, NY inside Apt 33H_

Date(s) of occurrence: _March 1st 2016 around 8PM_

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_(Please see attached)_

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

More than a year later Plaintiff still has severe knee pain and Plaintiff cannot run fast, climb stairs or practice any sport with intensity. Plaintiff sustained nerve damages, emotional damages, lost of enjoyment of life, as well as other mental and physical and emotional damages

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

Punitive damages, compensatory and emotional damages including damages for emotional distress, physical impairment due to the knee injury, false arrest, economic loss, special damages, Attorney fees as well as any court costs and any further relief this court deems just.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Monday May 15th 2017
Dated

Plaintiff's Signature

Gerard
First Name

Middle Initial

Nguedi
Last Name

40 Upper Rock Cir #317
Street Address

Rockville
County, City

MD
State

20850
Zip Code

646 744 7802
Telephone Number

gerard.nguedi@gmail.com
Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


Gerard Nguedi
Plaintiff


-VS-                                                    Civil Action No.  16 CV 4430

NYPD Police Commissioner Bill Bratton, 1 Police Plaza, New York, NY 10007
The City of New York, 100 Church Street, New York, NY 10007
Pan Am Equities/Brian Caulfield, 18 E. 50th Street #10, New York, NY 10022
Christophe Carlucci #3169, NYPD 17th Precinct 167 E. 51st, New York, NY 100022
Raymond Phillips #10876, NYPD 17th Precinct 167 E. 51st, New York, NY 100022
Peter Scourtos #25214, NYPD 17th Precinct 167 E. 51st, New York, NY 100022
Police officer John Doe #1
Police officer John Doe #2
Police officer John Doe #3
Police officer John Doe #4
Police officer John Doe #5
Police officer John Doe #6
Defendants

## COMPLAINT:

Plaintiff:
1. The Plaintiff herein Gerard Nguedi resides is an IT consultant with 12 years of
   experience in technology, an MBA, PMP and CSM certifications. Plaintiff resides 40
   Upper Rock Cir #317 Rockville, MD 20850. Mr. Nguedi is unemployed is currently
   looking for a job.

Defendants:
2. The Defendant the City of New York is a municipal cooperation duly incorporated and
   existing pursuant to the laws of New York. The city of New York has established and
   maintained the New York Police Department (NYPD) as a constituent department or
   agency.

3. Defendant Bill Bratton is the police commissioner for the City of New York, with
   supervisory authority over all officers and operation of the NYPD, including
   responsibility for training, recruiting, and managing all NYPD officers. He is sued in
   his individual and official capacity.

4. Defendant Brian Caulfield, Building Manager with Pan Am Equities responsible for
   managing the building. He is sued in his individual and official capacity.

1

5. Defendant Police Officer Christophe Carlucci, Shield No. 3169 is or was an employee of the NYPD at all relevant times. He is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

6. Defendant Police Officer Raymond Phillips, Shield No. 10876 is or was an employee of the NYPD at all relevant times. He is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

7. Defendant Police Officer Peter Scourtos, Shield No. 25214 is or was an employee of the NYPD at all relevant times. He is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

8. Defendant police officer John Doe #1 is or was an employee of the NYPD at all relevant times. His identity is not fully known to the plaintiff but he is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

9. Defendant police officer John Doe #2 is or was an employee of the NYPD at all relevant times. His identity is not fully known to the plaintiff but he is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

10. Defendant police officer John Doe #3 is or was an employee of the NYPD at all relevant times. His identity is not fully known to the plaintiff but he is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

11. Defendant police officer John Doe #4 is or was an employee of the NYPD at all relevant times. His identity is not fully known to the plaintiff but he is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

12. Defendant police officer John Doe #5 is or was an employee of the NYPD at all relevant times. His identity is not fully known to the plaintiff but he is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

13. Defendant police officer John Doe #6 is or was an employee of the NYPD at all relevant times. His identity is not fully known to the plaintiff but he is a supervising officer who participated to the encounter with Plaintiff described in paragraphs 14-41. He is sued in his official and individual capacity.

2

**INTRODUCTION:**

14. This is an action brought by Gerard Nguedi, an African American IT Consultant to vindicate profound deprivations of his constitutional rights caused by race based police brutality and racial hatred in his own home.

15. In the morning of December 23rd 2015 the plaintiff unfairly lost his job as a Consultant at the Federal Reserve Bank Of New York at the hands of NYPD Police Commissioner Bill Bratton himself. The Federal Reserve Bank Of New York cameras caught the arrest on tape.

16. Additionally, NYPD Police officers stationed around Plaintiff home Midtown Manhattan constantly tried to intimidate Plaintiff by honking suddenly and very loudly in their white NYPD Police van with tinted windows when the Plaintiff is crossing the street with his groceries and walking pass their van when they are parked on the street corner.

17. Plaintiff was not intimidated by the NYPD and their attacks and was letting it know on social media. Plaintiff friends and family began to worry as to why the Plaintiff was so angry and posting angry posts online and not picking up the phone.

18. On Marsh 1st, 2016, The Plaintiff's sister was worried and decided to call the police to make sure the Plaintiff was okay.

19. At least nine NYPD Police Officers arrived just a few moments later with Pan Am Equities building Manager Brian Caulfield and his staff and instead of offering any help to the Plaintiff, the NYPD <u>IMMEDIATELY</u> started banging on Plaintiff door ordering the Plaintiff to open his door. The Plaintiff asked who it was and then refused to open the door and the NYPD officers who took both keys to the plaintiff's apartment from the building manager Brian Caulfield opened both locks and started breaking the Plaintiff door chain with their police batons.

20. When the Defendants were breaking the door chain, the Plaintiff called 911 for help and the operator explained to the Plaintiff that his sister had actually called 911 because she was worried about the Plaintiff. The 911 operator was confused and couldn't help the plaintiff and nor could she explain why angry NYPD police officers didn't tell the

Plaintiff that they were there because Plaintiff sister had called or why they were now breaking Plaintiff door.

21. While the Defendants continued to hit the door chain with their police batons, Plaintiff tried to call his sister to know what she told the Police but the NYPD broke the door chain and entered Plaintiff apartment before plaintiff could call his sister.

22. NYPD officers Christophe Carlucci Shield #3169, Raymond Phillips Shield #10876, Peter Scourtos #25214, along with at least 6 other of their associates from the 17TH Precincts senselessly beat, humiliated, mocked Mr. Nguedi in his own home then mimicked "gay sexual acts" on the Plaintiff body when beating Plaintiff at the time, the plaintiff was known to be defenseless on the floor.

23. The mimicking a "gay act" along with other NYPD Police Officers senseless lawless behavior was clearly a calculated trap aiming at pushing the Plaintiff to fear for his life and pick up a knife or any other item that can be considered a "Weapon" so that Defendant can use their guns to shoot and kill the Plaintiff supposedly in "self-defense". The Plaintiff didn't fight back or pick up any knife on the kitchen table as the Plaintiff clearly understood what the NYPD was trying to do.

24. When things started dragging on, one of the NYPD Police Officers from the 17TH Precincts then pulled out medical items to drug the plaintiff who screamed multiple times "don't drug me" but the Plaintiff was drugged in his own home and lost consciousness.

25. The plaintiff body was disposed in some ways and Plaintiff woke up in severe pain all over his body the next day at Bellevue hospital facility for mentally ill people. Plaintiff was locked up in that hospital for a week without receiving any treatment for his injuries.  Plaintiff's family was visiting from France and had to come visit Plaintiff while locked up in a prison like hospital for mentally ill people.

26. These pictures show some of Mr. Nguedi's injuries two weeks after the attack:





### JURIDICTION:

27. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

28. This case is instituted in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

**STATEMENT OF FACTS:**

29. In the morning of December 23rd 2015 the plaintiff unfairly lost his job as at the Federal Reserve Bank Of New York at the hands of NYPD Police Commissioner Bill Bratton himself. The Federal Reserve Bank Of New York cameras caught the arrest on tape.

30. During the months of January and February of 2016, NYPD Police officers stationed around Plaintiff home around 39th street and 2nd avenue Midtown Manhattan were constantly trying to intimidate Plaintiff by honking suddenly and very loudly in their white NYPD Police vans with tinted windows when the Plaintiff is crossing the street and walked pass the van with groceries when they are parked on street corner.  The Plaintiff was also watched closely by certain NYPD police officers stationed in the area often they would look out for the Plaintiff in the crowd as if Plaintiff is suspicious and then look away when Plaintiff continues walking as if he is not seeing anything.

31. In February 2016 Plaintiff was frustrated at the NYPD and especially at Former NYPD Police Commissioner Bill Bratton for humiliating the Plaintiff in his work place, arresting the Plaintiff, getting the Plaintiff fired for a mistake made by the Plaintiff when going to work that morning at the FRBNY.  On Feb 22th, 2016, the small "mistake" made by the Plaintiff was deemed "Legally Insufficient" by a NY State Court and the Plaintiff was acquitted of all wrong doings.

32. Plaintiff saw his life being shattered by NYPD Police Commissioner Bill Bratton whose very involvement in this issue was an unbelievably mind-blowing fact. The Plaintiff was confused and angry and was letting it know on social media. Plaintiff friends and family began to worry as to why the Plaintiff was posting angry posts online and began to worry about the Plaintiff.

33. On Marsh 1st 2016, Sabine Nguedi the plaintiff's sister was worried about the Plaintiff and decided to call 911 so somebody can make sure the Plaintiff is okay. Sabine Nguedi explained to the 911 operators that the plaintiff was very depressed or may have a mental issue.

34. A few moments later NYPD officers arrived at the plaintiff's address but instead of offering any help to the Plaintiff, the Defendants banged on the plaintiff's door and ordered the Plaintiff to open the door. The plaintiff asked who it was and they

responded it's the police. The plaintiff responded I didn't call the police and don't need any help and the police officers became more angry and started slamming the door threatening to break the door if the Plaintiff doesn't open it. The plaintiff refused to open the door again as the tone of the Defendants became more aggressive. The Defendant decided to use the double of the plaintiff's key that they took from building manager Brian Caulfield. They open the two locks with both keys and like a group of zombies in a horror movie started hitting the door chain with their police batons.

35. When the Defendants were breaking the door chain, the Plaintiff called 911 for help and the operator told the plaintiff that the people at the plaintiff's door are responding to a 911 call from Plaintiff sister and the plaintiff asked "but they are braking my door for no reason" the 911 operator became confused and couldn't explain the lawless behavior of the police officers and why they did not just tell the Plaintiff they were there because Plaintiff sister called and instead said "Someone called to help you" with a deep sarcastic tone.

36. The Plaintiff tried to call Sabine Nguedi to know what she told the Police but before he can retrieve her number NYPD officers Christophe Carlucci Shield #3169, Raymond Phillips Shield #10876, Peter Scourtos Shield #25214, along with at least 6 other of their associates from the 17TH Precincts had broken the security chain and entered Plaintiff's home.

37. After breaking the door security chain 5 police officers immediately moved to arrest the Plaintiff unsuccessfully a 6th police officer was in front of the Plaintiff beating the Plaintiff in the head with his police baton while pulling Plaintiff's body to the ground.

38. Two other police officers were at the door with Building Manager Brian Caulfield and his staff watching the Plaintiff being senselessly beaten while covering the door from any curious neighbor.

39. One police officer mimicked "gay sexual acts" on the defendant when the Plaintiff was immobilized handcuffed on the floor while the other police officer where beating the Plaintiff.

40. NYPD police officers mockery and other provocations were all clearly designed to get the Plaintiff to fight back with a knife or anything that can be considered a weapon so

the NYPD police officer can kill the plaintiff with their firearms supposedly in "self-defense". Plaintiff did not attempt to pickup anything and did not fight back.

41. The situation started dragging on and Plaintiff noticed one of the NYPD Police Officer picking-up a medical item and Plaintiff started screaming loudly and multiple times "DON'T DRUG ME" hopping anyone in the hallway would intervene and stop them but NYPD police officers drugged the handcuffed Plaintiff, then continued to beat the plaintiff until Plaintiff became unconscious. NYPD officers then abandoned the Plaintiff's unconscious body at nearby Bellevue Hospital mental illness facility where the plaintiff regained consciousness the next day in severe pain and ended up getting locked up for one week in that facility during a time when Plaintiff family was visiting from France. Plaintiff family was shocked to visit Plaintiff at hospital for the mentally ill people and this whole experience has hurt Plaintiff and his family greatly.

42. A total of at least 14 people were actively involved in this operation at least 9 of which were NYPD police officers. It's also possible more police officers rrived to the scene after Plaintiff was drugged.

43. In the hospital, after arguing with hospital staff that I was not supposed to be in a hospital the plaintiff realized he was stocked in the medical system and had to start a procedure to get out of that facility after one week of being retained there against the Plaintiffs will.

44. When the Plaintiff returned home Plaintiff found DiphenhydraMINA HCI Injection, USP 50 mg/mL High Potency" on the floor next to empty/used needles and drug container as you can see on the pictures below. It's also possible that NYPD used other drugs on the Plaintiff before or after Plaintiff was unconscious.



45.

46. In April 2016, a man named David White from Seton University used the court system of the Southern District of New York to volunteer as a mediator on a case involving Plaintiff and the NYPD, police commissioner Bill Bratton and the FRBNY. Plaintiff realized later that Mr. White was a VERY CLOSE associate of Bill Bratton, the NYPD and the FBI. The NYPD and Police Commissioner have profiled, targeted and hurt the Plaintiff solely because the Plaintiff is a black man. At no point during all of these events was the Plaintiff accused or even suspected of any wrongdoing.

47. Both of Plaintiff knees where severely damaged to the point that one year later the Plaintiff is still struggling to climb stairs, run or play ANY SPORTS. The Plaintiff has marks and other scares and an MRI revealed nerve damages.

10

**FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**

48. The plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

49. Actual physical and emotional injuries, and other damages and losses as described herein entitling the plaintiff to compensatory and special damages, in amounts to be determined at trial.

50. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

51. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF: ☐42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981☐**

52. The plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

53. The Defendant beat the Plaintiff because the Plaintiff in their eyes, as a black man didn't have the right to not open his door. The building manager Mr. Brian Caulfield who was present the whole time was an accomplice as he gave the keys to the Defendant apartment even if the defendant didn't have a warrant and did so despite the fact that everybody knew the plaintiff was not accused or suspected of any crime.

54. In addition to compensatory, economic, consequential and special damages, Plaintiff is

11

entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

**THIRTH CLAIM FOR RELIEF☐ Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981☐**

55. The plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

56. Defendant City of New York negligently trained, retained, and supervised defendant John Doe whose acts and conducts were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and constitution of the state of New York.

57. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

**FOURTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

58. The plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

59. The acts of all the Defendants on this case were intentional and purposely aimed at inflicting emotional distress to the Plaintiff.

60. The plaintiff was already going through a tremendous amount of pain and suffering when the Defendant came and beat the Plaintiff in his own home for no reason and decided to abandon his body in a hospital.

61. In addition to compensatory, economic, consequential and special damages, Plaintiff is

12

entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## FIFTH CLAIM FOR RELIEF: FALSE ARREST.

62. The plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

63. During this incident it was very clear to all parties involved that the Defendant was not accused of any crime and was not suspected of committing any crime.

64. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## SIXTH CLAIM FOR RELIEF: ASSAULT AND BATTERY.

65. The plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

66. By the conduct and actions described above, Defendants inflicted the torts of assault and battery upon plaintiff. The act and conducts of Defendant were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and constitution of the state of New York.

67. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants

13

## PRAYER FOR RELIEF

68. Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

   a. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; ☐

   b. False arrest damages in an amount to be determined at trial;

   c. Economic losses on all claims allowed by law, in an amount to be determined at trial;

   d. Special damages in an amount to be determined at trial; ☐

   e. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial; ☐

   f. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, 36 ☐including expert witness fees, on all claims allowed by law;

   g. Pre- and post-judgment interest at the lawful rate; and, ☐

   h. Any further relief that this court deems just and proper, and any other appropriate relief at law and equity. ☐

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Signature:

Date: Monday, May 15th, 2017
Name: Gerard Nguedi, Pro/Se
40 Upper Rock Cir #317
Rockville, MD 20850
Cell: 646 744 7802

14